United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 27, 2004**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 02-31068
_____

VINOD KUMAR DAHIYA,

Plaintiff-Appellee,

v.

TALMIDGE INTERNATIONAL LTD; NEPTUNE
SHIPMANAGEMENT SERVICES (PTE.) LTD;
AMERICAN EAGLE TANKERS INC. LTD;
AMERICAN EAGLE TANKERS AGENCIES INC.;
BRITANNIA STEAM SHIP INSURANCE ASSOCIATION LTD,

Defendants-Appellants.

_____

Appeal from the United States District Court for the
Eastern District of Louisiana, New Orleans
_____

ON PETITION FOR REHEARING EN BANC

(Opinion 5/18/04, 5th Cir., _____, _____ F.3d _____)

Before BARKSDALE, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:

Treating the Petition for Rehearing En Banc as a Petition for
Panel Rehearing, the Petition for Panel Rehearing is DENIED.  The
court having been polled at the request of one of the members of
the court and a majority of the judges who are in regular active
service not having voted in favor (FED. R. APP. P. and 5th CIR. R.
35), the Petition for Rehearing En Banc is DENIED.

DeMOSS, Dissenting from Refusal to Reconsider *En Banc*, joined by Judge Smith.

For the following reasons, I respectfully dissent from the refusal of our Court to reconsider *en banc* the panel decision in this case:

1. The agreement to arbitrate at issue in this case was entered into in writing between Dahiya, a citizen of the country of India, and Neptune Shipmanagement Services (PTE) Ltd. ("Neptune"), his employer, a corporate entity organized under the laws of the country of Singapore. Both the country of India and the country of Singapore are signatories to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "Convention").

2. The United States of America is a signatory to the Convention, and Congress enacted special statutory provisions, 9 U.S.C. § 201 *et seq.* (the "Act"), to provide for the enforcement of the Convention within the United States. As an act enabling a treaty, the Act comprises "the highest law of the land."

3. The State of Louisiana is not a signatory to the Convention, and whatever its statutory or decisional law may indicate to be its public policy either favoring or disfavoring agreements to arbitrate, that policy is irrelevant and immaterial to the application and enforcement of the Act.

4. The district court clearly erred in considering that the statutory and decisional law of Louisiana invalidated the agreement to arbitrate between Dahiya and his employer Neptune and clearly erred again in determining that the suit which Dahiya filed against his employer in state court in Louisiana did not relate to the arbitration agreement between them and that removal to federal court under § 205 was not proper.

5. The district court erred in not granting the motion of Dahiya's employer Neptune to compel arbitration under § 206 of the Act and such error was

immediately appealable under the provisions of 9 U.S.C. § 16 (a)(1)(C) of the Federal Arbitration Act (the "FAA"), incorporated into the Act by § 208.

6. The district court erred in granting the motion to remand the controversy between Dahiya and his employer Neptune to state court.

7. The Fifth Circuit panel erred in determining that the district court's order to remand was entered in accordance with the provisions of 28 U.S.C. § 1447(c) and that consequently the panel did not have appellate jurisdiction under § 1447(d).

The net result of the foregoing errors is to frustrate the intention of Congress as reflected by the FAA and the Act to give foreign parties the right to choose arbitration as a form of dispute resolution designed to save the parties time, money, and effort by substituting for the litigation process the advantages of speed, simplicity, and economy associated with arbitration. If the provisions of § 1447(d) will always trump the provisions of 9 U.S.C. § 16, then the Convention will be unenforceable in the State of Louisiana and the procedural pattern utilized by Dahiya's counsel in this case will become a pattern for subjecting foreign defendants to litigation in Louisiana state court with personal injury claimants with whom agreements to arbitrate had in fact been made. I am disappointed that my colleagues on this Court seem to conclude that two wrongs make a right and that Congress's elaborate efforts in Title 9 to give parties the right to choose arbitration in place of litigation can now be frustrated by the age-old controversy as to whether litigation was going to occur in the state courts or the federal courts.